29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Jerome EASLEY, Plaintiff-Appellant,
v.
D.L. JETT, et al., Defendants-Appellees.
 No. 93-17096.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 30, 1994.
 
 Before: TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Charles Jerome Easley appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action against defendants Jett, Whitely and Baker pursuant to Fed.R.Civ.P. 12(b)(6). Easley also appeals the district court's dismissal of defendants Iten, Bunnell, Bruce and Moore as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Easley contends that defendants violated his Fourteenth Amendment due process rights by depriving him of conjugal visits and access to a prison industries job based on a prior disciplinary violation. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Buckey v. Los Angeles, 957 F.2d 652, 654 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990).
 
 
 4
 We review the district court's 28 U.S.C. Sec. 1915(d) dismissal for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Pursuant to 28 U.S.C. Sec. 1915(d), the district court may dismiss an action sua sponte if the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). An action is frivolous if it lacks an arguable basis either in law or in fact. Id. at 325.
 
 
 5
 To state a claim under Sec. 1983, the plaintiff must allege that the defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 1. Conjugal visit claim
 
 6
 A protected liberty interest may arise either from the Due Process Clause itself, or from laws of the states. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). In order for a liberty interest to arise from a state law or regulation, the statute must place substantive limitations on the exercise of official discretion. Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 844 (9th Cir.1985). A plaintiff must show that particularized standards guide the state's decision makers. Olim, 461 U.S. at 249.
 
 
 7
 Although the Fourteenth Amendment does not independently confer a right to visitation, state law may create a liberty interest in visitation enforceable under the Fourteenth Amendment. Thompson, 490 U.S. at 461. However, prison officials have broad administrative and discretionary authority over the institutions they manage, and lawfully incarcerated persons retain only a narrow range of protected liberty interests. Hewitt v. Helms, 549 U.S. 460, 467 (1983). The courts should hesitate to create a liberty interest where the statute or regulation governs the day-to-day administration of a prison. Toussaint v. McCarthy, 801 F.2d 1080, 1097 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 8
 Overnight family visiting for a California inmate is expressly a privilege for which the inmate must first qualify. Cal.Code Regs. tit. 15, Sec. 3174(e). Overnight family visiting can be extended "to as many inmates as is possible commensurate with institution security and subject to participation in a work and training incentive group." Id. Authority to deny such visits may be delegated by the warden, superintendent or regional administrator to designated staff members. Id. Sec. 3177(a).
 
 
 9
 Thus, because the prison regulation clearly states that family visiting is a privilege, and because it does not use mandatory language placing substantive limitations on the exercise of official discretion, Easley does not have a protected liberty interest in conjugal visitation. See Thompson, 490 U.S. at 460-61; Olim, 461 U.S. at 249; Hewitt, 549 U.S. at 467.
 
 
 10
 Even assuming that overnight visitation was a protected liberty interest in California, Easley did not allege any procedural due process defects in his application for conjugal visits nor his subsequent grievance hearings. On May 12, 1991, a Unit Classification committee ("UCC") chaired by defendant Whitely denied Easley's application for conjugal visits because Easley: (1) had recently returned from a term at the Segregated Housing Unit at Pelican Bay State Prison after being found guilty of assaulting a correctional officer; (2) was classified as a "Close B Custody" inmate upon arriving at the Deuel Vocational Institute[1]; and (3) was not housed at the Deuel Vocational Institute long enough to receive an institutional evaluation. On May 30, 1991, an Institutional Classification Committee ("ICC") comprised of defendants Moore, Baker, and Bruce affirmed the UCC's findings. In June 1991, defendant Iten affirmed the findings made by the UCC and ICC.
 
 2. Work assignment claim
 
 11
 Prisoners have no constitutional right to a prison job or educational opportunities. Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985); Baumann, 754 F.2d at 846; Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir.1982). Prisoners have no protected constitutional right to any work assignment. Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 12
 Here, Easley has proffered no evidence of any state law which creates a property or liberty interest in prison employment. Thus, because Easley has no constitutional right to a job while in prison, and no state created liberty interest in a job or rehabilitation, his substantive due process claim that defendants deprived him of a prison industry work program fails. See Toussaint, 801 F.2d at 1094-95; Rizzo, 778 F.2d at 530; Baumann, 754 F.2d at 846; Hoptowit, 682 F.2d at 1254-55.
 
 
 13
 Thus, Easley's Sec. 1983 claim against defendants is deficient. See Karim-Panahi, 839 F.2d at 624. Accordingly, the district court did not err in dismissing Easley's Sec. 1983 claim against defendants Jett, Whitely and Baker pursuant to Fed.R.Civ.P. 12(b)(6). See Buckey, 957 F.2d at 654; Love, 915 F.2d at 1245; Balistreri, 901 F.2d at 699. Further, the district court did not abuse its discretion when it dismissed Easley's claim against defendants Iten, Bunnell, Bruce and Moore as frivolous pursuant to Sec. 1915(d). See Neitzke, 490 U.S. at 324.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "Close B Custody" inmates are housed in cells within secured areas, restricted to activities within the security perimeter during daylight hours, subject to direct and constant supervision. See Cal.Dept. Corrections, Operations Manual Sec. 62010.7.3